# CASE SUMMARY
## CASE NO. 17-7094-393

| | | |
|---|---|---|
| Valleyridge Square, LLC | § | Location: **393rd Judicial District Court** |
| vs | § | Judicial Officer: **Robison, Douglas** |
| Seneca Insurance Company, Inc. | § | Filed on: **08/28/2017** |
| | § | |

---

### CASE INFORMATION

**Statistical Closures**
10/05/2017    Change of Venue Transfer

Case Type: **Debt/Contract: Consumer/DTPA**

Case Status: **10/05/2017   Inactive: Disposed**

Case Flags: **Jury Fee Paid**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | 17-7094-393 |
| Court | 393rd Judicial District Court |
| Date Assigned | 08/28/2017 |
| Judicial Officer | Robison, Douglas |

---

### PARTY INFORMATION

*Lead Attorneys*

| | | |
|---|---|---|
| **Plaintiff** | **Valleyridge Square, LLC** | **Hodge, Shaun W.** *Retained* 409-763-2300(F) 409-762-5000(W) |
| **Defendant** | **Seneca Insurance Company, Inc.** | **Isbell, James N.** *Retained* 713-403-8299(F) 713-403-8210(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| 08/28/2017 | Plaintiff's Original Petition |
| 08/28/2017 | Case Information Sheet |
| 08/28/2017 | Request for Issuance of *Citation* |
| 08/29/2017 | Jury fee paid *(This entry only represents the payment of the jury fee - not a document filed with the clerk.)* |
| 08/29/2017 | Record/Copy Request |
| 08/31/2017 | **Citation By Certified Mail** Seneca Insurance Company, Inc. Served: 09/05/2017 |
| 09/05/2017 | Service Returned *Citation by Certified Mail to Seneca Insurance Company, Inc.* |
| 09/29/2017 | Defendant's Original Answer Filed by: Defendant Seneca Insurance Company, Inc. |
| 10/05/2017 | **Statistical Closure** Change of Venue Transfer |
| 10/05/2017 | Final Order/Judgment/Decree (closes entire case) (Judicial Officer: Judge, Not Required ) |

# CASE SUMMARY
## CASE NO. 17-7094-393

*Notice of Removal of Civil Action to The United States District Court for The Eastern District of Texas (Sherman Division)*

for Parties:  Plaintiff  Valleyridge Square, LLC;  Defendant  Seneca Insurance Company, Inc.

| DATE | FINANCIAL INFORMATION | | |
|------|------|------|------|
| | **Plaintiff** Valleyridge Square, LLC | | |
| | Total Charges | | 373.00 |
| | Total Payments and Credits | | 373.00 |
| | **Balance Due as of  10/12/2017** | | **0.00** |
| 08/29/2017 | Charge | Plaintiff Valleyridge Square, LLC | 373.00 |
| 08/29/2017 | TexFile Payment    Receipt # 2017-24205 | Plaintiff Valleyridge Square, LLC | (373.00) |

FILED: 8/28/2017 12:00 AM
JUAN RODRIGUEZ FISTEIN
Denton County District Clerk
By: Cameron Welter, Deputy

CAUSE NO. <u>17-7094-393</u>

| | | |
|---|---|---|
| VALLEYRIDGE SQUARE, LLC | § | IN THE DISTRICT COURT OF |
|    Plaintiff | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| SENECA INSURANCE COMPANY,  INC. | § | |
|    Defendant | § | DENTON COUNTY, TEXAS |

---

## PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

      COMES NOW, VALLEYRIDGE SQUARE, LLC (hereinafter collectively referred to as "Valleyridge Square, LLC" or "Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of SENECA INSURANCE COMPANY, INC. ("Seneca" or "Defendant"), and for cause of action, Plaintiff would respectfully show this honorable Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and request that the Court enter an appropriate scheduling order.

### PARTIES

2.    Plaintiff, Valleyridge Square, LLC is a Texas limited liability company.

3.    Defendant Seneca is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State of Texas.  The Defendant may be served with process by serving its registered agent, Mr. James Isbell, 1 Riverway, Suite 1400, Houston, Texas 77056-1988.

---

## JURISDICTION AND VENUE

4.  The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiff is seeking monetary relief over $200,000 but not over $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.  Plaintiff reserve the right to amend the petition during or after the discovery process.

5.  The Court has jurisdiction over Defendant because this Defendant engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

6.  Venue is proper in Denton County, Texas, because the insured property at issue is situated in this county and the events giving rise to this lawsuit occurred in this county.

## FACTS

7.  Plaintiff is the owner of Texas insurance policy CMP4800461 (hereinafter the "Policy"), which was issued by Defendant.

8.  Plaintiff owns the insured property, which is specifically located at 1490 Valleyridge Blvd., Lewisville, Texas 75077 (hereinafter the "Property").

9.  Defendant sold the Policy to Plaintiff insuring the Property.

10.  On or about March 29, 2013, wind and hail caused severe structural and exterior damage to the insured Property.

11.  Plaintiff submitted a claim to Defendant against the Policy for damages which the Property sustained as a result of the hail and windstorm.  Upon information and belief, Defendant assigned number 14AAN371 for the claim.

12.     Plaintiff asked that Defendant cover the cost of repairs to the Property, pursuant to the Policy.  In a letter dated June 2, 2016, Seneca closed the claim.

13.     Defendant set about to deny and/or underpay on properly covered damages.  As a result of Defendant's unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Plaintiff to repair the Property, Plaintiff's claim was improperly adjusted.   The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages.  To this date, Plaintiff has yet to receive the full payment to which it is entitled under the Policy.

14.     As detailed in the paragraphs below, Defendant wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.  Furthermore, Defendant underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

15.     To date, Defendant continues to delay in the full payment for the damages to the Property.  As such, Plaintiff has not been paid in full for the damages to the Property.

16.     Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiff.  Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

17.     Defendant misrepresented to Plaintiff that certain damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).

18.     Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

19.     Defendant failed to explain to the Plaintiff the reasons for their offer of an inadequate settlement.   Specifically, Defendant failed to offer Plaintiff adequate compensation, without any or adequate explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any or adequate explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(3).

20.     Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant.   Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

21.     Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation.   Specifically, Defendant

performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(7).

22.   Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.

23.   Defendant failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.

24.   Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.058.

25.   From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny

the full payment.  Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

26. Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

27. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm for representation with respect to these causes of action.

## CAUSES OF ACTION

28. Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

29. The Policy is a valid, binding, and enforceable contract between Plaintiff and Defendant.

30. Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff.

31. Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiff.

32. The Defendant's breach proximately caused Plaintiff's injuries and damages.

33. All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

34.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

35.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

36.     Defendant's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

37.     Defendant's unfair settlement practices, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

38.     Defendant's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

39.     Defendant's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

40.     Each of the foregoing unfair settlement practices were completed knowingly by the Defendant, and were a producing cause of Plaintiff's injuries and damages.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

41.     The Claim is a claim under an insurance policy with the Defendant of which Plaintiff gave proper notice.  The Defendant is liable for the Claim.  Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

42.     Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and/or request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

43.     Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

44.     Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

45.    Each of the foregoing unfair settlement practices were completed knowingly by the Defendant, and were a producing cause of Plaintiffs' injuries and damages.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

46.    The Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that liability was reasonably clear.

47.    Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

48.    Defendant's conduct proximately caused Plaintiffs' injuries and damages.

## VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

49.    Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading or deceptive acts and practices."

50.    Plaintiff is a "consumer" in that Plaintiff acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

51.    The Defendant committed numerous violations of the Texas DTPA, insofar as Defendant:

a)    Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

b)    Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

c)    Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

d)      Generally engaged in unconscionable courses of action while handling the Claim; and/or

e)      Violated the provisions of the Texas Insurance Code described herein.

52.     The Defendant took advantage of the Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree and to the Plaintiff's detriment.  The Defendant's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration.  As a result of the Defendant's violations of the DTPA, Plaintiff suffered actual damages.  In addition, the Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiff to three times Plaintiff's damages for economic relief.

## DAMAGES

53.     Upon the trial of this case, it shall be shown Plaintiff sustained damages as a result of Defendant's conduct.  Plaintiff respectfully requests the Court and jury award the amount of loss Plaintiff has incurred in the past and will incur in the future.  There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiff for injuries, damages, and losses, incurred and to be incurred.  From the date of the occurrence in question until the time of trial of this cause, Plaintiff seeks every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiff's actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

54.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

55.     The damages caused by hail and/or wind have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.   These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

56.     For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees and pre-judgment interest.

57.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times actual damages.  TEX. INS. CODE §541.152.

58.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.   TEX. INS. CODE §542.060.

59.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

60.     For violations of the Deceptive Trade Practices Act, Plaintiff is entitled to recover actual damages and up to three times Plaintiff's damages for economic relief, along with attorney's fees, interest and court costs.

61.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.   Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

62.     Plaintiff is not making any claims for relief under federal law.

## JURY DEMAND

63.     Plaintiff requests a jury trial, and have tendered any and all requisite fees for such along with the filing of this *Plaintiff's Original Petition*.

## REQUEST FOR DISCLOSURE

64.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this request, the information described in Rule 194.2(a)-(l).

## PRAYER

WHEREFORE, Plaintiff respectfully requests that final judgment be rendered for the Plaintiff as follows:

1) Judgment against Defendant for actual damages in an amount to be determined by the jury;

2) Statutory benefits;

3) Treble damages;

4) Exemplary and punitive damages;

5) Pre-judgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8)  Costs of suit;

9)  Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully Submitted,

By: _____

Shaun W. Hodge
Texas Bar No. 24052995
**The Hodge Law Firm, PLLC**
Old Galveston Square Building
2211 Strand, Suite 302
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300
Email: shodge@hodgefirm.com

ATTORNEY FOR PLAINTIFFS

# CIVIL CASE INFORMATION SHEET

FILED: 8/28/2017 12:00 AM
SHERRI ADELSTEIN
Denton County District Clerk
By: Cameron Welter, Deputy

CAUSE NUMBER *(FOR CLERK USE ONLY):* 17-7094-393     COURT *(FOR CLERK USE ONLY):*

STYLED: **Valleyridge Square, LLC v. Seneca Insurance Company, Inc.**

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Shaun W. Hodge    **Email:** shodge@hodgefirm.com | **Plaintiff(s)/Petitioner(s):** Valleyridge Square, LLC | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| **Address:** 2211 The Strand, Suite 302    **Telephone:** (409) 762-5000 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Galveston, Texas 77550    **Fax:** (409) 763-2300 | **Defendant(s)/Respondent(s):** Seneca Insurance Company, Inc. | **Custodial Parent:**<br><br>**Non-Custodial Parent:** |
| **Signature:**    **State Bar No:** 24052995 | [Attach additional page as necessary to list all parties] | **Presumed Father:** |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

|  | Civil |  | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br>___<br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☒ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract:<br>___ | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>  ☐ Accounting<br>  ☐ Legal<br>  ☐ Medical<br>  ☐ Other Professional<br>    Liability:<br>___<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>  ☐ Asbestos/Silica<br>  ☐ Other Product Liability<br>    List Product:<br>___<br>☐ Other Injury or Damage:<br>___ | ☐ Eminent Domain/<br>  Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br>___ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>  ☐ With Children<br>  ☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| | | | | **Title IV-D** |
| | | | | ☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>  Pre-indictment<br>☐ Other: | ☐ Enforce Foreign<br>  Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>  of Minority<br>☐ Other: | ☐ Adoption/Adoption with<br>  Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br>  Rights<br>☐ Other Parent-Child:<br>___ |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment:<br>___ | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>  Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |
| **Tax** | | **Probate & Mental Health** | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>  ☐ Dependent Administration<br>  ☐ Independent Administration<br>  ☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: ___ | | |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

FILED: 8/28/2017 12:00 AM
SHERRI ADELSTEIN
Denton County District Clerk
By: Cameron Welter, Deputy

# CIVIL PROCESS REQUEST

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING**
**FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

**CASE NUMBER:** _17-7094-393_          **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): _**Plaintiff's Original Petition**_

**FILE DATE OF MOTION:** _**August 28, 2017**_

                                          Month/      Day/      Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. **NAME:** _**Seneca Insurance Company, Inc.**_

   **ADDRESS:** _**c/o Mr. James Isbell, 1 Riverway, Suite 1400, Houston, Texas 77056-1988**_

   **AGENT,** (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

   **SERVICE BY** (*check one*):
   ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
   ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____          Phone: _____
   ☐ **MAIL**                                ☒ **CERTIFIED MAIL**
   ☐ **PUBLICATION:**
        Type of Publication:   ☐ **COURTHOUSE DOOR,  or**
                               ☐ **NEWSPAPER OF YOUR CHOICE:** _____
   ☐ **OTHER**, *explain* _____

*********************************************************************************

****

2. **NAME:** _____

   **ADDRESS:** _____

   **AGENT,** (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

   **SERVICE BY** (*check one*):
   ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
   ☐ **CIVIL PROCESS SERVER -**  Authorized Person to Pick-up: _____          Phone: _____
   ☐ **MAIL**                                ☐ **CERTIFIED MAIL**
   ☐ **PUBLICATION:**
        Type of Publication:   ☐ **COURTHOUSE DOOR,  or**
                               ☐ **NEWSPAPER OF YOUR CHOICE:** _____
   ☐ **OTHER**, *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

**NAME:** _**Shaun W. Hodge**_          **TEXAS BAR NO./ID NO.** _**24052995**_

**MAILING ADDRESS:** _**Hodge Law Firm, PLLC, 2211 Strand, Suite 302, Galveston, Texas 77550**_

**PHONE NUMBER:** _**(409)**_      _**762-5000**_          **FAX NUMBER:** _**(409)**_      _**763-2300**_
                  area code     phone  number                        area code    fax  number

**EMAIL ADDRESS:** _**shodge@hodgefirm.com**_

CIVC108 Revised 4-9/2/99

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____    AMENDED PETITION
_____    SUPPLEMENTAL PETITION


COUNTERCLAIM
_____    AMENDED COUNTERCLAIM
_____    SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____    AMENDED CROSS-ACTION
_____    SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____    AMENDED THIRD-PARTY PETITION
_____    SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____    AMENDED INTERVENTION
_____    SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____    AMENDED INTERPLEADER
_____    SUPPLEMENTAL INTERPLEADER


INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER


BILL OF DISCOVERY:
    ORDER TO: _____
                          (specify)

    MOTION TO: _____
                          (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)


POSSESSION (PERSON)
POSSESSION (PROPERTY)


SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

CIVC108 Revised 9/3/99

Denton County District Clerk

## DOCUMENT RECORDS REQUEST FORM

*Requests for copies from case files are retained by this office and filed in the requested case.*
*This form will be available for public viewing in the same manner as the case records.*

**\*\*Please note\*\***: Copies: $1.00 per page   Record Search performed (Add $5.00)   Yes   (No)

Your name or Company name: _____ CNS

Today's Date: _____ 8/29/17

| | | | Clerk use only: |
|---|---|---|---|

Cause Number | Party Name(s) | Name of Document and date filed | Certify? | Pgs

17-7094-393
One Case Number
Per page please!

ValleyRidge Square

v. Sereca

Original petition

8/28/17

page 1-13

no

13

FILED
2017 AUG 29  PM 1:56
SHERRI ADELSTEIN
DISTRICT CLERK DENTON CO. TX
BY _____ DEPUTY

Total charged: $ 13.00

Completed by Clerk: _Brenda Kug_

## CITATION BY CERTIFIED MAIL

THE STATE OF TEXAS                                    COUNTY OF DENTON

### CAUSE NO. 17-7094-393

**TO: Seneca Insurance Company, Inc., by serving James Isbell at 1 Riverway, Suite 1400  Houston TX  77056 (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  The nature of the suit is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

| | |
|---|---|
| Court: | 393rd Judicial District Court<br>1450 E, McKinney, 4th Floor, Denton, TX 76209 |
| Cause No.: | 17-7094-393 |
| Date of Filing: | 08/28/2017 |
| Document: | Plaintiff's Original Petition |
| Parties in Suit: | Valleyridge Square, LLC; Seneca Insurance Company, Inc. |
| Clerk: | Sherri Adelstein, District Clerk<br>1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or Party's Attorney: | Shaun W. Hodge<br>2211 Strand, Suite 302<br>Galveston, Texas 77550 |

Issued under my hand and seal of this said court on this the 31st day of August, 2017

Sherri Adelstein, District Clerk
Denton, Denton County, Texas

_____, Deputy
Cameron Welter

# Cause No. 17-7094-393

Style:  Valleyridge Square, LLC
vs
Seneca Insurance Company, Inc.

## RETURN OF CITATION BY CERTIFIED MAIL

Came to hand on 8/31/2017 at 10:00 a.m. and I hereby certify that on 8/31/2017, I mailed to **Seneca Insurance Company, Inc., by serving James Isbell at 1 Riverway, Suite 1400   Houston TX   77056**   by registered mail or certified mail, signature confirmation requested, a true copy of this citation with a copy of the Plaintiff's Original Petition attached thereto.

Restricted Delivery:   No

Sherri Adelstein, District Clerk
Denton County, Texas
1450 E. McKinney, Suite 1200, Denton, TX 76209
PO Box 2146, Denton, TX 76202

Cameron Welter, Deputy

Service Fee: $30.00
CERTIFIED MAIL NO.:  9214 8901 0661 5400 0111 8528 46

Signed for on: _____

By: _____

Attach tracking history or signature receipt.

SHERRI ADELSTEIN
DENTON COUNTY DISTRICT CLERK
PO BOX 2146
DENTON, TX  76202-2146



9214 8901 0661 5400 0111 8528 46

**RETURN RECEIPT (ELECTRONIC)**

**17-7094-393**
MR. JAMES ISBELL
SENECA INSURANCE COMPANY, INC.
1 RIVERWAY STE 1400
**HOUSTON, TX  77056-1988**

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · CUT / FOLD HERE · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · 6"X9" ENVELOPE · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·
CUT / FOLD HERE

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · CUT / FOLD HERE · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

IMpbCertified8x5Label v2017.04.26.92



**UNITED STATES**
**POSTAL SERVICE™**

FILED
AT_____O'CLOCK_____M
SEP 1 1 2017
DISTRICT CLERK
Denton County, Texas
BY:_____ DEPUTY

Date: September 5, 2017

MAIL MAIL:

The following is in response to your September 5, 2017 request for delivery information
on your Certified Mail™/RRE item number 92148901066154000111852846.  The
delivery record shows that this item was delivered on September 5, 2017 at 10:41 am in
HOUSTON, TX  77056. The scanned image of the recipient information is provided
below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the
United States Postal Service.  It is solely for customer use.

Reference ID: 92148901066154000111852846
17-7094-393
MR. JAMES ISBELL
Seneca Insurance Company, Inc.
1 Riverway Ste 1400
Houston, TX  77056-1988

## CITATION BY CERTIFIED MAIL

THE STATE OF TEXAS                                    COUNTY OF DENTON

### CAUSE NO. 17-7094-393

**TO: Seneca Insurance Company, Inc., by serving James Isbell at 1 Riverway, Suite 1400  Houston TX  77056 (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  The nature of the suit is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

| | |
|---|---|
| Court: | 393rd Judicial District Court<br>1450 E, McKinney, 4th Floor, Denton, TX 76209 |
| Cause No.: | 17-7094-393 |
| Date of Filing: | 08/28/2017 |
| Document: | Plaintiff's Original Petition |
| Parties in Suit: | Valleyridge Square, LLC; Seneca Insurance Company, Inc. |
| Clerk: | Sherri Adelstein, District Clerk<br>1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or Party's Attorney: | Shaun W. Hodge<br>2211 Strand, Suite 302<br>Galveston, Texas 77550 |

Issued under my hand and seal of this said court on this the 31st day of August, 2017

Sherri Adelstein, District Clerk
Denton, Denton County, Texas

_____, Deputy
Cameron Welter

# Cause No. <u>17-7094-393</u>

Style:   Valleyridge Square, LLC
vs
Seneca Insurance Company, Inc.

## <u>RETURN OF CITATION BY CERTIFIED MAIL</u>

Came to hand on 8/31/2017 at 10:00 a.m. and I hereby certify that on 8/31/2017, I mailed to **Seneca Insurance Company, Inc., by serving James Isbell at 1 Riverway, Suite 1400  Houston TX  77056**  by registered mail or certified mail, signature confirmation requested, a true copy of this citation with a copy of the Plaintiff's Original Petition attached thereto.

Restricted Delivery:   No

Sherri Adelstein, District Clerk
Denton County, Texas
1450 E. McKinney, Suite 1200, Denton, TX 76209
PO Box 2146, Denton, TX 76202

Cameron Welter, Deputy

Service Fee: <u>$30.00</u>
CERTIFIED MAIL NO.: <u>9214 8901 0661 5400 0111 8528 46</u>

Signed for on: _____

By: _____

Attach tracking history or signature receipt.

SHERRI ADELSTEIN
DENTON COUNTY DISTRICT CLERK
PO BOX 2146
DENTON, TX  76202-2146



9214 8901 0661 5400 0111 8528 46

**RETURN RECEIPT (ELECTRONIC)**

**17-7094-393**
MR. JAMES ISBELL
SENECA INSURANCE COMPANY, INC.
1 RIVERWAY STE 1400
**HOUSTON, TX  77056-1988**

······································································· CUT / FOLD HERE ·······································································

6"X9" ENVELOPE
CUT / FOLD HERE

······································································· CUT / FOLD HERE ·······································································

IMpbCertified8x5Label v2017.04.26.92

FILED-9/29/2017 8:22 AM
SHERRI ADELSTEIN
Denton County District Clerk
By: Mark Yarbrough, Deputy

**CAUSE NO. 17-7094-393**

| | | |
|---|---|---|
| **VALLEYRIDGE SQUARE, LLC** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| | § | |
| | § | **393rd JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **SENECA INSURANCE COMPANY** | § | |
| *Defendant* | § | **DENTON COUNTY, TEXAS** |

## <u>SENECA INSURANCE COMPANY'S ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Seneca Insurance Company ("Seneca") files this Original Answer and General Denial to Plaintiff's Original Petition and would respectfully show as follows:

### I.
### <u>GENERAL DENIAL</u>

Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that Plaintiff be required to prove the charges and allegations made against it by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.

### II.
### <u>FAILURE TO STATE A CLAIM</u>

Defendant asserts that Plaintiff's Original Petition fails to state claims upon which relief can be granted.  Specifically, Plaintiff's claims for violations of the common law and statutory duties of good faith and fair dealing do not exist as a matter of law.  The same is true of its claims for violations of the Texas Insurance Code and DTPA.

## III.
## PRAYER

WHEREFORE, Defendant Seneca Insurance Company requests that Plaintiff take nothing by her claims and that it be granted any and all other relief to which they may show itself justly entitled.

Respectfully submitted,

THOMPSON COE COUSINS & IRONS, LLP

By:    /s/     James N. Isbell

JAMES N. ISBELL
State Bar No.  10431900
E-Mail: jisbell@thompsoncoe.com
CHRISTOPHER H. AVERY
State Bar No. 24069321
E-Mail:  cavery@thompsoncoe.com
SAIRA S. SIDDIQUI
State Bar No. 24093147
E-Mail:  ssiddiqui@thompsoncoe.com
Thompson, Coe, Cousins & Irons, LLP
One Riverway, Suite 1400
Houston, TX 77056
Telephone:  (713) 403-8210
Fax:  (713) 403-8299

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this, the 29th day of September, 2017, a true and correct copy of the foregoing document was duly served on all known counsel of record via electronic transmission, pursuant to Texas Rules of Civil Procedure and applicable Local Rules, as follows:

Shaun Hodge
The Hodge Law Firm, PLLC
Old Galveston Square Building
2211 Strand, Suite 302
Galveston, Texas 77550
*Via Email: shodge@hodgefirm.com*

/s/      Saira Siddiqui
Saira S. Siddiqui

FILED: 10/5/2017 6:30 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Shelley Mccutcheon, Deputy

CAUSE NO. 17-7094-393

| | | |
|---|---|---|
| VALLEYRIDGE SQUARE, LLC | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | DENTON COUNTY, TEXAS |
| | § | |
| SENECA INSURANCE COMPANY, | § | |
| | § | |
| Defendant | § | 393RD JUDICIAL DISTRICT |

**NOTICE OF REMOVAL OF CIVIL ACTION
TO THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS (SHERMAN DIVISION)**

TO THE HONORABLE COURT:

On or about October 5, 2017, Seneca Insurance Company, filed its Notice of Removal in the United States District Court for the Eastern District of Texas (Sherman Division). The Notice of Removal effects the removal, and the state court shall proceed no further unless and until the case is remanded. 28 U.S.C. §1446(d). The Notice of Removal is attached as Exhibit "A."

Respectfully Submitted,

By: _/s/ Christopher H. Avery_
James N. Isbell
Attorney-in-Charge
Bar No. 10431900
jisbell@thompsoncoe.com
Christopher H. Avery
Bar No. 24069321
cavery@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, LLP
One Riverway, Suite 1400
Houston, Texas 77056
(713) 403-8210
(713) 403-8299 – Fax
**COUNSEL FOR DEFENDANT,
SENECA INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on October 5, 2017, a true and correct copy of the above and foregoing instrument has been forwarded via electronic notice and/or certified mail, return receipt requested, to plaintiff's counsel of record Shaun Hodge, The Hodge Law Firm, PLLC, Old Galveston Square Building, 2211 Strand, Suite 302, Galveston, Texas  77550.


/s/ *Christopher H. Avery*
Christopher H. Avery

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **VALLEYRIDGE SQUARE, LLC** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| | § | **Civil Action No. _____** |
| | § | |
| **SENECA INSURANCE COMPANY** | § | |
| | § | |
| *Defendant* | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant Seneca Insurance Company ("Seneca") files this Notice of Removal on the basis of diversity of citizenship and jurisdictional amount, and respectfully shows the Court the following:

**REMOVAL IS TIMELY**

1.     Seneca is a Defendant in Cause No. 17-7094-393, filed in the 393rd Judicial District Court of Denton County, Texas, styled *Valleyridge Square, LLC v. Seneca Ins. Co.* Plaintiff commenced this civil action against Seneca in the state court on or about August 28, 2017. Seneca was first served with Plaintiff's Original Petition (the "Petition") on September 5, 2017.

2.     Therefore, service of process in this cause was served on Seneca not more than thirty (30) days before the filing of this notice, and this Notice of Removal is being filed within one year of the date suit was first filed in state court.

**BASIS FOR REMOVAL**

3.     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446.

EXHIBIT A

**A.      There is Complete Diversity**

4.      In its Original Petition, Plaintiff Valleyridge Square, LLC acknowledges that it is a Texas limited liability companies with their principal places of business in Dallas County, Texas.  (Pl.'s Orig. Pet. at para. 2)

5.      Both at the time the lawsuit was originally filed, and at the time of removal, Defendant Seneca is a corporation incorporated and existing under the laws of New York, keeping its principal place of business in New York.

**B.      The Amount in Controversy Exceeds $75,000.00**

6.      This is a civil action in which the amount in controversy exceeds the jurisdictional limits of $75,000.00.  In determining the amount in controversy, the Court may consider, "penalties, statutory damages, and punitive damages." *St Paul Reinsurance Co, Ltd v Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v State Farm Lloyds*, 1999 WL 151667, at *2 - 3 (N.D. Tex. 1999) (finding sufficient amount in controversy in plaintiff's case against the insurer for breach of contract, bad faith, violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act and mental anguish).  Plaintiff alleges that Seneca is liable under common law claims for breach of contract and violations of §542 of the Texas Insurance Code and seeks to recover actual damages, consequential damages, prejudgment interest, additional statutory damages, post-judgment interest, and reasonable and necessary attorneys' fees.  Plaintiff's Original Petition also indicates that Plaintiff seeks between $200,000 and $1,000,000. (Pl.'s Orig. Pet. at para. 4).  Thus, the amount in controversy clearly exceeds $75,000.

7.      Accordingly, by virtue of diversity of citizenship the United States district courts have original jurisdiction.

2

## STATE COURT DOCUMENTS BEING FILED

8.      Pursuant to 28 U.S.C.§1446(a), attached hereto as Exhibit "A" is the Index of Matters Being Filed that clearly identifies each document and indicates the date the document was filed in state court.  Attached hereto as Exhibit "B" is the Designation of Counsel   The docket sheet, and all documents filed in the state court action have been requested and will be supplemented.

## PRAYER

**WHEREFORE**, based upon 28 U.S.C. §§1441 and 1446, Seneca respectfully requests that this action be removed to the United States District Court for the Northern District of Texas, Dallas Division, and that it be granted such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:  */s/  James N. Isbell*
    James N. Isbell
    Attorney-in-Charge
    Bar No.  10431900
    jisbell@thompsoncoe.com
    Christopher H. Avery
    Bar No. 24069321
    cavery@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
Telephone:  (713) 403-8210
Facsimile:  (713) 403-8299

COUNSEL FOR DEFENDANT,
SENECA INSURANCE COMPANY

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served via the Court's electronic notification system on the following counsel of record:

Shaun Hodge
THE HODGE LAW FIRM, PLLC
Old Galveston Square Building
2211 Strand, Suite 302
Galveston, Texas  77550
*Via Email:* [shodge@hodgefirm.com](mailto:shodge@hodgefirm.com)
(409) 762-5000 │ (409) 763-2300 - *Fax*


*/s/ Christopher H. Avery*
Christopher H. Avery